THE PEOPLE ex rel. TIMOTHY F. DONOVAN, Plaintiffs in Error, *v.* WILLIAM C. CONNER, Sheriff, etc., Defendant in Error.

An order quashing a writ of *habeas corpus* can only be reviewed upon appeal. A writ of error will not lie in such case.

(Argued March 28, 1876; decided April 4, 1876.)

ERROR to the General Term of the Supreme Court in the first judicial department to review order affirming an order of Special Term quashing and dismissing a writ of *habeas corpus*.

482          PEOPLE ex rel. DONOVAN *v.* CONNER.          [April,

Opinion of the Court, per *Curiam.*

*T. F. Donovan* for the relator, in person.

*H. Edwin Tremain* for the respondent. A writ of error will not lie in this case. (*Sudlow* v. *Knox,* 7 Abb. Pr. [N. S.], 411; Code, §§ 323, 327, 329, 330, 332, 357, 471; Laws of 1854, chap. 270; *People ex rel. Hackley* v. *Kelly,* 24 N. Y., 74.)

*Per Curiam.* The order quashing writ of *habeas corpus* can only be reviewed by an appeal from the order. A writ of error will not lie in such a case. The papers upon both sides submitted upon this motion are so very defective that it is impossible to determine the merits involved, even if we had the power to pass upon them as we would have upon a regular appeal from the order complained of. The relator is not without remedy if the commitment by the surrogate was unauthorized and in excess of the power vested in that magistrate. Whether the surrogate had power to impose the fine of $250 and commit the relator to prison until the same should be paid may be questionable, and upon the question of power the briefs of the counsel give no light, and as we cannot decide it we do not examine it. Doubtless the court below might have disregarded the defects of the petition for the writ of *habeas corpus,* and considered and disposed of the application of the relator for discharge upon the merits. The relator may now either appeal from the order quashing the writ, if he shall be advised that such dismissal was a legal error, or he may proceed *de novo* by a proper petition and a new writ of *habeas corpus.* The proceedings already had will not embarrass him, and his right to a discharge can be summarily decided.

As the writ of error gives this court no jurisdiction in the premises, it must be quashed, but without costs.

All concur.

Ordered accordingly